IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| QUALAWASH HOLDINGS, LLC, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   No. 2:15-cv-02474-STA-cgc |
| | ) |
| | ) |
| GRACE TRAILER SERVICE, INC., et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER DENYING DEFENDANTS' MOTION TO SEAL CASE**

Before the court is Defendants Grace Trailer Service, Inc., Rose Fox, Chris Fox, Chris Boak, and Fred Fox's motion to seal the entire case in this matter. (ECF No. 13.) Plaintiff Qualawash Holdings, LLC, opposes the motion. (ECF No. 17.) For the reasons set forth below, the motion is **DENIED**.

This case is a declaratory judgment action and concerns Plaintiff's alleged breach of an Asset Purchase Agreement ("APA") and a related Mutual Nondisclosure and Confidentiality Agreement ("NDA"). (Cmplt., ECF No. 1-1.) The Court previously granted the parties' joint motion for an order sealing the APA. (Order Grt'ing Mot., ECF No. 18.) However, the Court reserved ruling on Defendants' motion to seal the entire case. Defendants contend that the entire case should be sealed because the "terms and conditions of the APA are sensitive, confidential information that the Parties previously agreed to keep confidential pursuant to the NDA." (Defs' Mot. p. 2, ECF No. 13.)

1

In response, Plaintiff points out that the confidentiality terms of the APA, which was signed after the NDA,[1] supersede the confidentiality terms of the NDA. (Pl's Resp. pp. 2-3, ECF No. 17.) The APA specifically states that it "embodies the entire agreement and understanding between the parties hereto relating to the subject matter hereof and supersedes any prior agreements and understandings relating to the subject matter hereof." (Cmplt. Att. A, § 13.2, ECF No. 1-3.) The APA limits the NDA by providing that only "due diligence materials and other information provided [to] Buyer [Qualawash] pursuant to this Agreement or in connection with the transaction contemplated under this Agreement . . . shall remain subject to the terms and conditions of the [NDA]." (*Id*. § 7.13.) Accordingly, the Court finds that the confidentiality terms of the NDA are not controlling, and, instead, the APA is the exclusive source of any confidentiality obligations between Plaintiff and Defendants.

It is well-settled that the Court "has supervisory power over its own records and files,"[2] and that this authority includes allowing parties to file certain documents under seal.[3] The Court, however, must balance this power with the "long-established legal tradition" of public access to court documents.[4] "Only the most compelling reasons can justify non-disclosure of judicial records."[5] When exercising its discretion to seal judicial records, the Court must balance the

---

[1] The NDA was signed on June 19, 2014, and the APA was signed on July 16, 2015. (Cmplt., ECF No 1-1; NDA, ECF No. 17-1.)

[2] *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978).

[3] *See* Fed. R. Civ. P. 26(c).

[4] *Brown & Williamson Tobacco Corporation v. Federal Trade Commission*, 710 F.2d 1165, 1177 (6th Cir. 1983).

[5] *In re Knoxville NewsSentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983).

public's common law right of access against the interests favoring nondisclosure.[6] A corporation's interest in shielding "prejudicial information" from public view, standing alone, cannot justify the sealing of that information.[7]

In the present case, any confidential information contained in the APA has already been sealed, and Defendants have pointed to no other information that might be revealed during the pendency of this matter that would be detrimental to them. Therefore, there is no basis to require sealing of all proceedings in this matter, and Defendants' motion is **DENIED**. The parties may file a motion to seal a particular document or filing on a case by case basis if warranted.

**IT IS SO ORDERED.**

                                          **s/ S. Thomas Anderson**
                                          S. THOMAS ANDERSON
                                          UNITED STATES DISTRICT JUDGE

Date: October 19, 2015.

---

[6] *See Nixon*, 435 U.S. at 599 (the court must consider "relevant facts and circumstances of the particular case").

[7] *See Brown & Williamson*, 710 F.2d at 1180.